disseniicnte. — I retain the opinion on the act of 1715, which I delivered in Rayner v. Watford. (ante 2 vol 338;) and think the action against the executor of Haddock is barred. My reasons are so fully stated there, that I need not now go into the question at length.. I will only observe, that the only term at which the statute makes the time begin to run is the death of the debtor. We have no power, I think, to interpolate the words, “ if the creditor’s action had then accrued,” or " seven years from the time the action shall have accru *183 ed, if it shall arise after such debtor’s death” 5 which is the reading the senior members of the court and the case of Jones v. Brodie give, as being within its equity. Besides the objection of thus making additions to the law, I hayo others to this interpretation. The act has no saving in lavor of infants or others. Now an infant lunatic or feme covert is at least as much an object of protection, as an imprudent creditor who trusts another seven years. This want of any saving shows it was intended to make the time a conclusive bar in all cases. But if the time is to run only against those claimants, who could claim, that is, bring suit, it will expose executors to ruin, by subjecting them to recoveries, after they have delivered over all the assets. For tiiero is nothing in the act to justify the payment of legatees, or to the wardens, until creditors arc satisfied ; since only such money, as may remain after answering those demands, is to be thus paid ; and there is no provision for refunding bonds. Here again it is said, that an equitable interpretation is to be made in favor of the executor, reciprocal to that already made in favor of the creditor; and that the executor may upon the plea of fully administered, show that the assets are not in his hands, but those of the legatees or trustees of the University ; hut that if the executor yet retains them, it is just lie should pay the creditor. I answer first, that there is nothing in the statute authorizing the inquiry into the state of the assets ; secondly, that the act is a protection to the legatee, as well as the executor ; thirdly, that it is also a protection to the heir, as well as the two formerj and this construction repeals it as to legatees and heirs, because they can deliver over the assets to nobody, but must have them in their hands, unless exhausted by other creditors. Suppose a simple contract debt, or one in which the heir is not specially bound, to fall due eight years after the death of the testator, and that the executor is sued, and the plea of fully administered is found for him upon this ground, that he has delivered over the estate at the end of seven years to the wardens; and then a scirefacias to issue upon the judgment for the debt against the heir. Shall he be bound *184 before the personal estate is exhausted by creditors ? Yet how is the creditor to get at the personal estate ? He cannot proceed at law against the legatees or wardens. The heir is liable upon such a finding, by the express words of the act of 1784, and in no other case but in that of the insolvency of the executor, according to the act of 1807. Yet he must pay the debt in this case, without the insolvency of the executor, or the creditor’s recovery will he fruitless ; because there is no method of subjecting the personal assets in the hands which now hold them, that is to say the legatees or wardens.
For these reasons, my former opinion has been confirmed by reflectionand I have felt myself bound to express it. But in future, I shall consider myself under an equal obligation to hold for law, what I understand, in confe■rence with my elder brethren, to be their opinions. That is, that if the debt be due at the death of the debtor, claim must be made within seven years from the death, otherwise both the heir and executor are discharged: and that if the action arise after the death of the debtor, suit must be brought within seven years from the time the action accrued, or the heir and executor will in that case also he discharged : and if the suit be brought against the executor within seven years after it arose, but after the expiration of the seven years from the death of the debtor, and the executor hath, at the time of the suit brought, not paid over the assets, he shall answer the demand; but if be hath paid them over, he shall have the plea of fully administered found for him. But how it will be with the heir in this last case, is yet to be determined ; though I take it, he is to be bound, in case there be no personal estate in any body’s hands, provided he be sued by sci.fa. within seven years from the falling due of the demand, when that happens after the death of his ancestor; if he be sued within that time in debt on bond, in which he is named, whether there be personal assets or not.
Per Curiam. — Judgment aeeirmeb.